IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Xiamen Disdeer Outdoor Sports Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> FeraDyne Outdoors, LLC, <br><br> Defendants. | Civil Action No.: <br><br><br> JURY TRIAL DEMAND |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Xiamen Disdeer Outdoor Sports Co., Ltd. ("Plaintiff") brings this complaint against FeraDyne Outdoors, LLC. ("Defendant"), a Wisconsin corporation, and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*. and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Plaintiff seeks this relief in response to Defendant's recent accusation of patent infringement as to U.S. Patent No. 8,758,177 (the "177 Patent"). A true and correct copy of the 177 Patent is attached as Exhibit A.

3. On April 23, 2025, Amazon sent five notices to Plaintiff regarding a complaint submitted by Defendant under Amazon's intellectual property enforcement program. The complaint alleges that Plaintiff's lighted nocks ("Non-Infringing Product") infringe the '177 Patent. True and correct copies of these notices are attached as Exhibit B.

1

4. Pursuant to Amazon's intellectual property enforcement procedures, product listings may be removed if an infringement complaint is submitted and remains unresolved. The parties have engaged in efforts to address the matter but have been unable to reach a resolution. Plaintiff is opting not to proceed through Amazon's APEX program, which does not consider defenses such as patent invalidity and is limited in scope to infringement issues.

5. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Plaintiff, by its manufacture, use, offer for sale, sale, and/or import of its Non-Infringing Product has not infringed, or otherwise violated the patent or other intellectual property rights, of Defendant under U.S. or applicable state law.

6. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Defendant's patent is invalid.

7. Defendant's intended assertion of claims of patent infringement based on Plaintiff products has threatened Plaintiff's business, and has created a present, genuine, and justiciable controversy between Plaintiff and Defendant. For these reasons, and as alleged more particularly herein, Plaintiff brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that Plaintiff does not infringe the Defendant's patent.

## THE PARTIES

8. Plaintiff, Xiamen Disdeer Outdoor Sports Co., Ltd. is a private Chinese company.

9. Upon information and belief, Defendant is a Wisconsin corporation, with its registered office address and principal place of business being 101 Main Street, Superior, WI 54880.

10. Upon information and belief and based on contentions by Defendant in its complaint filed with Amazon, Defendant claims to own the '177 Patent by assignment.

## JURISDICTION AND VENUE

11. This Court has subject jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Plaintiff is a Chinese company with a principal place of business in China, and Defendant, upon information and belief, is a Wisconsin corporation with a principal place of business in Wisconsin. The diversity of citizenship between the parties and the substantial financial harm caused to Plaintiff by Defendant's wrongful conduct in Wisconsin establish proper jurisdiction in this Court.

13. The Court also has subject matter jurisdiction over this pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

14. The Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367(a).

15. This Court has personal jurisdiction over the parties, and venue in this judicial district is proper under 28 U.S.C. §§ 1391 and/or 1400.

16. This Court has personal jurisdiction over Defendant since, on information and belief, Defendant directly targets business activities toward customers in the United States, including Wisconsin, through at least the fully interactive e-commerce storefronts on Amazon.com. Specifically, Defendant has targeted sales to Wisconsin residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offering to ship to the United States, including Wisconsin, accepting payment in U.S. dollar and, on information and belief, has sold products to residents in Wisconsin. In addition, Defendant has directed its patent assertion campaign at Plaintiff by, *inter alia*, seeking to enjoin Plaintiff's

3

business by reporting Plaintiff as an alleged infringer of the '177 Patent through a private, third-party tribunal (discussed below), impacting Plaintiff's business in the United States, including Wisconsin. This process carries significant legal and business consequences to Plaintiff based on Defendant's allegations that Plaintiff has infringed the '177 Patent by making, using, selling, offering to sell, and/or importing allegedly infringing goods in, from, and into the state of Wisconsin.

17. On or about April 23, 2025, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action ("Amazon Complaint") against Plaintiff to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business.

18. Unless a declaratory judgment complaint is filed and a court order granting relief sought herein, the Amazon marketplace intends to remove Plaintiff's Non-Infringing Products consisting of at least ASIN: B0CF9JTJQP, B0C1Z7TM2D, B0D2NLMB1L, B0C6Q68C3W, B0C2Y3WKQ1, B09C8F9457, B0CBB1S6K9, B08DFK8KRN, B0B2D8CCD3, B078KDPRF2, B0BZRDSZX8, B0D4LQW6Q7, B0D8KCQY7H, B0DBM3WZ6Z, B0CLB62TF7, B0759BFKQ7, B0CDZTGMZB, B07G1X6BRH, B0BG499JPQ, B0CF9KDYJ5, and B0CHXV1TX2 under the pretext that the ASINs may infringe the '177 Patent.

19. By initiating the Amazon Complaint against Plaintiff, a company with whom Defendant was very familiar, Defendant availed itself of the laws of the state of Wisconsin and knew that its actions would harm Plaintiff in this district. Defendant's Amazon Complaint constitutes unfair competition directed at Plaintiff and prejudices Plaintiff's ability to conduct business in Wisconsin. Defendant's acts seek to disrupt the stream of commerce originating in Wisconsin vis-a-vis Plaintiff's goods.

20. Venue in this judicial district is proper, *inter alia*, as a substantial part of the events giving rise to this declaratory judgment claim occurred in this judicial district as Defendant's Amazon Complaint effectively ceased Plaintiff's ability to conduct business in Wisconsin. The legal rights that were violated as complained of herein exist in Wisconsin, and a substantial part of the improper restraint of trade with anti-competitive effects on the market occurred in Wisconsin.

## FACTUAL BACKGROUND

21. On June 24, 2014, the United States Patent and Trademark Office issued the '177 Patent.

22. Defendant purports to own the right, title, and interest in the '177 Patent by assignment, including the right to license, sell, and enforce the '177 Patent.

23. On or about April 23, 2025, Defendant submitted a report to Amazon.com under its intellectual property enforcement program, initiating a patent enforcement action concerning Plaintiff's product listings. As a result, Plaintiff's ability to conduct business on the Amazon marketplace has been adversely affected.

24. In response to Defendant's Amazon Complaint, On the same date, Amazon marketplace notified Plaintiff that its Non-Infringing Products would be removed under the pretext that the ASIN-in-question may infringe the '177 Patent if Plaintiff is unable to resolve the claim directly with Defendant, if Defendant chooses not to participate in Amazon's APEX program, or if Defendant does not challenge the infringement claim in court.

25. Defendant's course of conduct is not warranted under law, has anticompetitive effects on the market, and restrains Plaintiff's ability to compete fairly.

26. Plaintiff has at all times acted in good faith with respect to Defendant's alleged patent rights. Plaintiff's Non-Infringing Products do not infringe the '177 Patent because none of the Non-Infringing Products possess all the elements and limitations of any claim of the '177 Patent.

## COUNT I DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT (U.S. PATENT NO. 8,758,177)

27. Plaintiff restates and incorporates by reference each of the allegations contained in paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Defendant has contended that Plaintiff's Non-Infringing Products infringe at least one claim of the '177 Patent.

29. A declaratory judgment and a court order granting relief sought herein, that Plaintiff's Non-Infringing Products consisting of at least ASIN: B0CHXV1TX2, B07G1X6BRH, B0CDZTGMZB, B0759BFKQ7, B0CLB62TF7, B0DBM3WZ6Z, B0D8KCQY7H, B0D4LQW6Q7, B0BZRDSZX8, B078KDPRF2, B08DFK8KRN, B0BG499JPQ, B0CF9KDYJ5, B0CF9JTJQP, B0B2D8CCD3, B0C1Z7TM2D, B0CBB1S6K9, B0D2NLMB1L, B0C2Y3WKQ1, B0CBB3JDYB, B0CBB2HRXB, B0CB9Z5G19, B0C1ZBCPR2, B0C1Z6Y9KQ, B0C1ZCDG8N, B0CQKTZD8N, B0D2NLH9M1, B0D2NMSQTM, B0D2NP9XWZ, B0BYDKKPLN, B0BYDLRHN6, B0C2Y3DDK2, B09C8F9457, B09C8D39L8, B09C8FBHTV, B09C8DY9R5, B0C6Q5P7QZ, B0C6Q3VMJD, B0C6Q68C3W, B0C6Q5JJCQ, B0D69VKWV7, B0D69JT9JV, B0D69MSG76, B0D69Q4QR9, B0D4DLQ8YB, B0D4PTZPFQ, B0D4DFSJGZ, B0D4DFRCDY, B0B2D7RRLX, B0B2D7TWK2, B0B2D9XC7G, B0D2NHZC5T, B0CBPMKFP9, B0D2NHTBKR, B0CBPMWG35, B0D2NFWZF2, B0CBPM8MKG, B0D2NKBKD2, B0CBPM81S4, B0CF9LW4S4, B0CF9KPQKY, B0BJZLY9H5, B0BCF4KXW5, B09HJMPZQT, B09HJQJNHP, B0DPQ9V7Y2, B0BG4WT56N,

6

B0BG4895KP, B0BG49QPBC, B0D41HXPC4, B0D41JN7GB, B0D41JC339, B0D41HRBWG, B0CGTF82DR, B0CGTKCMG5, B0CGTF5YXG, B0CGTHR63R, B0CF9C5V3R, B0CF978X4Y, B0CF97KG3Q, B0CF99ZNRR, B09C6DNM3X, B09B33H8Q9, B09B3466QQ, and B09B358BCH do not infringe the '177 Patent.

30. Plaintiff does not infringe any valid and enforceable claim of the '177 patent, either directly or indirectly, literally or under the doctrine of equivalents, via Plaintiff's manufacture, use, offer for sale, sale, and/or import of the Non-Infringing Products.

31. Plaintiff has never manufactured, used, offered for sale, sold, or imported any products or services that infringe any valid and enforceable claim of the '177 patent.

32. By example, without limitation, Plaintiff alone does not perform all the steps recited the claims of the '177 patent as is required for direct infringement.

33. There exists a present, genuine, and justiciable controversy between Plaintiff and Defendant warranting issuance of a declaration by the Court that no valid and enforceable claim of the '177 patent has been infringed, directly or indirectly, literally or under the doctrine of equivalents, by Plaintiff or its customers, including through their manufacture, use, offer for sale, sale, and/or import of the Plaintiff's Non-Infringing Products.

34. Defendant's allegations of infringement of the '177 patent are baseless and exceptional, thus warranting an award of Plaintiff's attorneys' fees under 35 U.S.C. § 285.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '177 PATENT

35. Plaintiff restates and incorporates by reference each of the allegations contained in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Defendant has contended that at least one claim of the '177 Patent is valid, enforceable, and infringed by making, using, offering to sell, selling, and/or importing Plaintiff's Accused Products.

37. The claims of the '177 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of non-statutory double patenting.

38. The claims of the '177 Patent are anticipated and/or obvious in view of the prior art of record in the public prosecution history of the '177 Patent as well as other prior art not considered by the Patent Office before allowing the claims of the '177 Patent.

39. There exists a present, genuine, and justiciable controversy between Plaintiff and Defendant warranting issuance of a declaration by the Court that one or more of the claims of the '177 patent are invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. Declaratory judgment that the '177 Patent is not infringed by Plaintiff.

2. Declaratory judgment that all of claims of the '177 Patent are invalid.

3. An injunction against Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("enjoined parties") as follows:

    A. Restraining and enjoining, preliminarily and permanently, any assertion of the Patent-in-Suit against Plaintiff; and

  B. Requiring that Defendant provide written notice of the injunction to all enjoined parties.

 4. Judgment that this case is exceptional under 35 U.S.C. § 285 due to the Defendant's anticompetitive actions aimed at eliminating a competitor's product by falsely claiming that the Accused Products infringe, despite them not actually infringing.

 5. Judgment awarding Plaintiff its attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

 6. That Defendant be ordered to pay Plaintiff pre-judgment interest on all sums awarded.

 7. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: May 12, 2025        Respectfully submitted,

                /s/ Alexander Warden
                Alexander Warden, Esq.
                awarden@aplg.us
                Atlantic Partners Law Group, LLC
                2825 Third Ave.
                Bronx, NY 10456

                *Attorney for Plaintiff, Xiamen Disdeer Outdoor Sports Co., Ltd.*