UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| XIAMEN DISDEER OUTDOOR SPORTS CO., LTD., <br>        Plaintiff, <br> v. <br><br> FERADYNE OUTDOORS, LLC, <br><br>      Defendant. | No.: 3:25-cv-00381 |
| FERADYNE OUTDOORS, LLC, <br>      Counterclaim-Plaintiff, <br> v. <br><br> XIAMEN DISDEER OUTDOOR SPORTS CO., LTD., <br><br>      Counterclaim-Defendant. | |

**JOINT STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER**

COME NOW, the parties, Plaintiff and Counterclaim-Defendant Xiamen Disdeer Outdoor Sports Co., Ltd. ("Counterclaim-Defendant"), and Defendant and Counterclaim-Plaintiff FeraDyne Outdoors, LLC ("Counterclaim-Plaintiff"), by and through their respective undersigned counsel hereby file this Joint Stipulated Motion for Entry of Protective Order and respectfully request entry of the attached Stipulated Protective Order.

The Stipulated Protective Order limits the disclosure of discovery materials likely to involve confidential proprietary or private information for which special protection may be warranted. Further, in some situations, the parties have contractual obligations to third parties to keep certain information confidential. For example, under the Federal Rules of Civil Procedure, the parties will be obliged to produce documents containing confidential sales information,

1

including without limitation pricing, discount strategies, manufacturing costs, supply chain information, royalty rates, licensee information, distributor information, and customer information. Disclosure of such information, and similar, will result in competitive disadvantages to the parties from competitors—whether parties or non-parties—who learn the parties' confidential business strategies.

WHEREFORE, the parties request that the Court enter the attached Stipulated Protective Order.

Dated this 17th day of December, 2025.

Respectfully Submitted,

| WEST ATLANTIC LAW FIRM PLLC | GREENBERG TRAURIG, LLP |
|---|---|
| 104 W. 40th Street, 4th and 5th Floor | 90 South 7th Street, Suite 3500 |
| New York, NY 10018 | Minneapolis, MN 55402 |
| Telephone: (347) 420-0279 | Telephone: (612) 259-9719 |
| Email: alexander.warden@walflaw.com | Email: krummenc@gtlaw.com |

*Attorney for Counterclaim-Defendant*                    *Attorney for Counterclaim-Plaintiff*

/s/ Alexander Warden                                   /s/ Craig S. Krummen
Alexander Warden                                       Craig S. Krummen (*admitted to*
New York Bar No. 6055388                                *practice in Western District of*
                                                       *Wisconsin on December 14, 2009*)
                                                       Minnesota Bar No: 0259081

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above has been electronically filed with

the Clerk of Court utilizing the CM/ECF system on this 17th day of December, 2025.

/s/ Alexander Warden
Attorney

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| XIAMEN DISDEER OUTDOOR SPORTS CO., LTD., <br><br>              Plaintiff, <br><br> v. <br><br> FERADYNE OUTDOORS, LLC, <br><br>         Defendant. <br><hr> FERADYNE OUTDOORS, LLC, <br>              Counterclaim-Plaintiff, <br><br> v. <br><br> XIAMEN DISDEER OUTDOOR SPORTS CO., LTD., <br><br>            Counterclaim-Defendant. | No.: 3:25-cv-00381 |

**STIPULATED PROTECTIVE ORDER**

The parties to this litigation, Xiamen Disdeer Outdoor Sports Co., Ltd. and FeraDyne Outdoors, LLC, stipulate the following:

**A.**  **Purpose and Limitations**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information, documents and things for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blank protections on all disclosures of information, documents, and things or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are

4

entitled to confidential treatment under the applicable legal principles. Furthermore, the parties agree that any disclosure or receipt of materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as those terms are subsequently defined herein, is for the sole purpose of this civil action; i.e, Civil Action No. 3:25-cv-00381, and any material so designated may not be used.

**B.      Definitions**

1.      "Party": any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staff).

2.      "Material": all information, documents, and things produced, served, or otherwise provided in this action by the Parties or by non-parties.

3.      "CONFIDENTIAL Material": information (regardless of how it is generated, stored, or maintained), documents, or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

4.      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material": extremely sensitive information (regardless of how it is generated, stored, or maintained) or tangible things the disclosure of which to another Party or non-party would create a substantial risk of serious harm to the Producing Party's competitive position.

5.      "Producing Party": a Party or non-Party that produces Material in this action.

6.      "Receiving Party": a Party that receives Material from a Producing Party in this action.

7.      "Designated Material": Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order.

8.    "Designating Party": a Party or non-party that designates information, documents, or things that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9.    "Counsel of Record": (i) counsel who appear of record as counsel for a Party; (ii) partners, associates, and employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, translators, legal secretaries, legal clerks, and shorthand reporters; and (iii) independent legal translators retained to translate in connection with this action, or independent shorthand reporters to record and transcribe testimony in connection with this action.

10.    "Expert": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel of Record to serve as an expert witness or a consultant in this action.

11.    "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits, or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**C.    Scope**

The protections conferred by this Order cover not only Designated Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, and any testimony, conversations, or presentations by Parties or their Counsel of Record that might reveal Designated Material. However, the protections afford by this Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure

to the Receiving Party as a result of publication not involving a violation of this Order; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure form a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Identification of any individual pursuant to this Order does not make that individual available for depositions or any other form of discovery outside the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the Standing Orders of this Court. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or the Court's deadlines.

**D.      Access to Designated Material**

1.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document, or thing designated "CONFIDENTIAL" only to the following:

 a.      The Receiving Party's Counsel of Record in this action;

 b.      Employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement to Be Bound By Protective Order" attached hereto as **Exhibit A**;

 c.      Persons who appear on the face of the Designated Material as an author, addressee, or recipient thereof;

 d.      Experts of the Receiving Party who have signed the "Agreement to Be Bound By Protective Order" attached hereto as **Exhibit A**;

 e.      The Court and its personnel;

7

      f.     Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation who have signed the "Agreement to Be Bound By Protective Order" attached hereto as **Exhibit A**.

2.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document, or thing designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the following:

      a.     The Receiving Party's Counsel of Record in this action;

      b.     Persons who appear on the face of Designated Material as an author, addressee, or recipient thereof;

      c.     Experts of the Receiving Party who have signed the "Agreement to Be Bound By Protective Order" attached hereto as **Exhibit A**;

      d.     The Court and its personnel; and

      e.     Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation who have signed the "Agreement to Be Bound By Protective Order" attached hereto as **Exhibit A**.

3.     Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement to Be Bound By Protective Order" attached hereto as **Exhibit A**, shall do so, prior to the time such Designated Material is disclosed to him or her. Counsel for a Party who makes any disclosure of Designated Material shall retain each executed Agreement and, upon written request, shall provide copies to counsel to all other Parties at the termination of this action.

4.      At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed.

5.      Pretrial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such material.

**E.      Use of Designated Material**

1.      <u>Use of Designated Material By Receiving Party:</u> Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, all Designated Material shall be used by the Receiving Party only for purposes of this litigation and shall not be used in any other way. To the extent possible, information contained or reflected in Designated Materials shall not be disclosed in conversations, presentations (by parties or counsel, vendors, experts, or otherwise) in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order or the procedures prescribed by this Court. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their respective clients and, in the course thereof, relying generally on counsel's examination of Designated Material; provided that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any Designated Item except as otherwise permitted by this Order.

2.      <u>Use of Designated Material By Designating Party:</u> Nothing in this Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents, or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order,

so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

   3. <u>Use of Material at Depositions:</u> Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Designated Material of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

    a. A present director, officer, employee, designated Rule 30(b)(6) witness, and/or Expert of a Producing Party may be examined and may testify concerning all Designated Material which has been produced by that Party;

    b. A former director, officer, agent, and/or employee of a Producing Party may be interviewed, examined, and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her prior employment with that Party; and

    c. Non-parties may be examined or testify concerning any document containing Designated Material of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the nonparty as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party. Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order shall be excluded from the portion of the examination concerning such information, unless the

10

Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide an "Agreement to Be Bound By Protective Order" in the form of **Exhibit A** attached hereto that he or she will comply with the terms of this Order and maintain confidentiality of Designated Material disclosed during the course of the examination. In the event that such attorney declines to sign the "Agreement to Be Bound By Protective Order" prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

d.  A witness who previously had access to a document designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" but who is not under a present non-disclosure agreement with the Producing Party that covers that document, may be shown the document if a copy of this Protective Order is attached to any subpoena or notice or request served on the witness for the deposition; and the witness is advised on the record of the existence of the Protective Order and that the Protective Order requires the Parties to keep confidential any questions, testimony, or documents that are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Producing Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his

11

counsel, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the Counsel of Record representing a Party in this action.

**F.      Procedure for Designating Materials**

1.      Subject to the limitations set forth in this Order, a Designating Party may designate as "CONFIDENTIAL" information the Designating Party believes in good faith meets the definition set forth in Section B.3 above and a Designating Party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information the Designating Party believes in good faith meets the definition set forth in Section B.4 above.

2.      Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

3.      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, that Designating Party must promptly notify all other Parties that it is withdrawing the designation.

4.      <u>Manner and Timing of Designations:</u> Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Designated Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

a.  <u>for information in documentary form:</u> The Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES" ONLY" to each page or item that contains Designated Material. If only a portion or portions of the Material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) and must specify, for each portion, the level of protection being asserted.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which Material it would like copied and produced. During the inspection and before the designation, all of the Material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page or item that contains Designated Material. If only a portion or portions of the Material on a page qualifies for protection, the Producing Party must also clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

13

b.    <u>for testimony given in deposition or in other pretrial or trial proceedings:</u> The Designating Party shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to fourteen (14) calendar days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 14 calendar days shall be covered by the provisions of this Order. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Designated Material shall have an obvious legend on the title page that the transcript contains Designated Material, and pages of the transcript containing Designated Material shall be appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or such other designations to which the Parties may agree on the record. The Designating Party shall inform the court reporter of these requirements. Any transcript

14

that is prepared before the expiration of the 14-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

**G.    No Waiver of Privilege**

1.    Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, within ten (10) business days after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests in writing return of such documents to the Producing Party. Upon request by the Producing Party, the Receiving Party shall promptly return or destroy all copies of such inadvertently produced document(s). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

**H.    Inadvertent Failure to Designate**

1.    An inadvertent failure to designate qualified information, documents, or things as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such Material. Upon discovery of an inadvertent failure to designate, as soon as reasonably possible a Producing Party may notify the Receiving Party in writing that the Material is to be designated as

15

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" with the factual basis for the assertion for the designation. Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the Material is treated in accordance with the factual basis for the assertion for the designation. Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the Material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide substitute copies of the documents bearing the confidentiality designation.

**I.      Filing Designated Material**

1.      Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Designated Material but must file such Designated Material under seal in conformance with the Court's rules and procedures. Material filed under seal shall bear the title of this matter and the words "CONFIDENTIAL – UNDER PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – UNDER PROTECTIVE ORDER," as appropriate.

**J.      Challenges to Confidentiality Designations**

1.      The Parties will use reasonable care when designating documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" have been improperly designated. A Receiving Party may at any time request that the Producing Party cancel or modify the confidentiality designation with respect to any document or information contained therein.

2.      A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. If requested by the Designating Party, such a challenge shall be written, shall be served on Counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be designated differently. The parties shall meet (including telephonically), confer, and attempt to resolve the objection in good faith and using best efforts. If an agreement cannot be reached, the parties shall confirm that fact in writing (including without limitation letter or email), and after receipt of the written confirmation, the challenging Party may file a motion challenging the designation in question.

**K.      Designated Material Subpoenaed or Ordered Produced In Other Litigation**

1.      If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents, or things designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must notify the Designating Party, in writing promptly and in no event more than ten (10) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

17

2. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**L.      Unauthorized Disclosure of Designated Material**

1. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (i) notify in writing the Designating Party of the unauthorized disclosures; (ii) use its best efforts to retrieve all copies of the Designated Material; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (iv) request such person or persons to execute an "Agreement to Be Bound By Protective Order" attached hereto as **Exhibit A**.

**M.      Non-Party Use of this Protective Order**

1. A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same protection under this Order as any Party to this action.

2. A non-party's use of this Order to protect its "CONFIDENTIAL" information does not entitle that non-party to access to "CONFIDENTIAL" information produced by any Party or non-party in this case. After final disposition of this action, the confidentiality obligations imposed

18

by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (i) the complete resolution of this case through entry of a final non-appealable judgment or order for which appeal, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, has been exhausted or (ii) the complete settlement of all claims against all parties in this action.

**N.     Duration**

1.      After final disposition of action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (i) the complete resolution of this case through entry of a final non-appealable judgment or order for which appeal, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, has been exhausted or (ii) the complete settlement of all claims against all parties in this action.

**O.     Final Disposition**

1.      Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) calendar days after the final termination of this action, each Receiving Party must destroy or return all Designated Material to the Producing Party. As used in this Section, "all Designated Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Designated Material. Upon request by the Producing Party, the Receiving Party shall submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) within 60 days. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers,

deposition transcripts (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence, or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Order as set forth in Section O above.

**P.    Miscellaneous**

1.    Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by Counsel of Record for the Party against whom such waiver will be effective.

2.    This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any grounds not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the Material covered by this Order.

3.    This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

4.    The United States District Court for the Western District of Wisconsin is responsible for the interpretation and enforcement of this Order. All disputes concerning Designated Material produced under the protection of the Order shall be resolved by the United States District Court for the Western District of Wisconsin. Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the

20

purposes of any proceedings related to performance under, compliance with, or violation of this Order.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD

Dated this 17th day of December, 2025.

Respectfully Submitted,

WEST ATLANTIC LAW FIRM PLLC
104 W. 40th Street, 4th and 5th Floor
New York, NY 10018
Telephone: (347) 420-0279
Email: alexander.warden@walflaw.com

GREENBERG TRAURIG, LLP
90 South 7th Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 259-9719
Email: krummenc@gtlaw.com

*Attorney for Counterclaim-Defendant*

*Attorney for Counterclaim-Plaintiff*

*/s/ Alexander Warden*
Alexander Warden
New York Bar No. 6055388

*/s/ Craig S. Krummen*
Craig S. Krummen (*admitted to practice in Western District of Wisconsin on December 14, 2009*)
Minnesota Bar No: 0259081

**IT IS SO ORDERED.**

Dated: _____

_____
Magistrate Judge Anita M. Boor

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| XIAMEN DISDEER OUTDOOR SPORTS CO., LTD.,<br>　　　　Plaintiff,<br>v.<br><br>FERADYNE OUTDOORS, LLC,<br><br>　　　Defendant. | No.: 3:25-cv-00381 |
| FERADYNE OUTDOORS, LLC,<br>　　　　　　　　　Counterclaim-Plaintiff,<br>v.<br><br>XIAMEN DISDEER OUTDOOR SPORTS CO., LTD.,<br><br>　　　　　　　Counterclaim-Defendant. | |

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I have read the Stipulated Protective Order in this action and agree to be bound by its

terms.


Dated: _____          _____
                                        Typed Name

22