IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

XIAMEN DISDEER OUTDOOR
SPORTS CO., LTD.,

                           Plaintiff,                             OPINION and ORDER

    v.

                                                        25-cv-381-wmc

FERADYNE OUTDOORS, LLC,

                          Defendant.

The court held a telephonic hearing on June 17, 2026 to address defendant FeraDyne Outdoors, LLC's motion to compel and for a show cause order. Dkt. 50. Plaintiff Xiamen Disdeer was represented by Attorney Alexander Warden, and defendant was represented by Attorney Benjamin Gilford. The motion is GRANTED in part and DENIED in part. This order memorializes the court's holdings with respect to the parties' disputes, which fell into four categories.

First, sales information. On April 8, 2026, the court ordered plaintiff to produce sales information for the 135 products accused of infringing the patent at issue. Dkt. 46. Defendant contends that it has received sales information for some, but not all, of these products. Plaintiff states that it has produced all of the Amazon sales information that it has for 98 of the accused products, and that it does not have Amazon sales information for the remaining products because those products were offed for sale on Amazon via third parties after those parties purchased the products from plaintiff. But this does not account for information showing sales to those third parties. The parties are ORDERED to meet and confer to ensure that they have a shared understanding of the universe of accused products in this case, and plaintiff is further

ORDERED to make reasonable efforts to locate and produce sales information for all of those products, regardless of whether they were sold by plaintiff on Amazon.

Second, conception information. On April 8, 2026, the court ordered plaintiff to produce documents showing the conception and creation of the accused products. Dkt. 46. Plaintiff's counsel stated that plaintiff is reluctant to produce these documents because it is concerned about keeping confidential information secure. But that concern is unfounded in light of the protective order already in place. *See* Dkt. 21 & Dkt. 22. The protective order allows the parties to designate information as confidential, which requires the parties to limit access to the information. *See* Dkt. 22 at 4–22. If a party violates the order, the court may sanction the party or hold them in contempt of court. *See id.* at 20–21. Because these protections are in place, plaintiff cannot resist valid discovery requests based on generalized concerns about confidentiality. Plaintiff is ORDERED to produce responsive information regarding conception and creation of the accused products within 14 days of the hearing.

Third, interrogatories. The court found that Interrogatories Nos. 1, 2, 6, 12, 15, & 16 all sought relevant, proportional information and found plaintiff's responses insufficient. Plaintiff is ORDERED to supplement its responses to these interrogatories within 14 days of the hearing. As for Interrogatory No. 18, the court found it to be premature in light of the future deadline for disclosure of reliance on advice of counsel and SUSTAINED plaintiff's objections to that interrogatory for now. Finally, the court found that it would be premature to issue an order to compel a response to Interrogatory No. 19 when plaintiff continues to search for responsive documents.

Fourth, document production requests. The parties agreed they would use the court's rulings to guide ongoing meet and confer efforts on supplemental document production.

Plaintiff is ORDERED to supplement its responses to these requests within 14 days of the hearing.

*So ordered.*

Entered June 22, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge